# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **CARLOS ZUNIGA HERNANDEZ,** : | **CIVIL ACTION NO. 4:10-CV-0332** |
| Plaintiff, : | |
| : | **(Magistrate Judge Mannion)** |
| v. : | **(Judge Conner)** |
| : | |
| **UNKNOWN OFFICER, OFFICER** : | |
| **ARENAS, LT. SOELLER,** : | |
| Defendants. : | |

## <u>ORDER</u>

AND NOW, this 2nd day of February, 2011, upon consideration of the report of the magistrate judge (Doc. 33), recommending that the claims of plaintiff Carlos Zuniga Hernandez ("Hernandez") against defendants Officer Luis Arenas and Lieutenant Robert Soeller be dismissed for failure to state a claim, and, upon further consideration of Hernandez's objections (Doc. 34) to the report, and Hernandez's motion (Doc. 35) to amend the complaint pursuant to FED. R. CIV. P. 15(A)(2),[1] and, following an independent review of the record, it appearing that the

---

[1] According to FED. R. CIV. P. 15(A)(2), "[t]he court should freely give leave when justice so requires." The court is required to liberally construe a *pro se* complaint. <u>Erickson v. Pardus</u>, 551 U.S. 89, 93-4, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007). The District Court must avoid dismissing a *pro se* claim for lack of specificity where the plaintiff might be able to cure the defects by amending the complaint. <u>See</u> generally <u>Urrutia v. Harrisburg County Police Dept.</u>, 91 F.3d 451 (3d Cir. 1996). However, "[w]hen a plaintiff does not seek leave to amend a deficient complaint after a defendant moves to dismiss it, the court must inform the plaintiff that he has leave to amend within a set period of time, unless amendment would be inequitable or futile." <u>Grayson v. Mayview State Hosp.</u>, 293 F.3d 103, 108 (3d Cir. 2002) (citing <u>Shane v. Fauver</u>, 213 F.3d 113, 116 (3d Cir. 2000)).

plaintiff has failed to properly allege a failure-to-protect claim asserting a violation of the Eighth Amendment,[2] it is hereby ORDERED that:

1. The report and recommendation (Doc. 33) of the magistrate judge is ADOPTED.

2. The defendants' motion to dismiss (Doc. 19) is GRANTED.

3. The motion (Doc. 35) to amend is DENIED, as amendment would be futile. See Grayson v. Mayview State Hosp., 293 F.3d 103 (3d Cir. 2002).

4. The above-captioned case is REMANDED to the magistrate judge for further proceedings.

   S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

---

[2] For a plaintiff to prove a constitutional violation in a failure-to-protect case, the plaintiff must demonstrate that: (1) he is "incarcerated under conditions posing a substantial risk of serious harm;" and (2) the prison officials acted with "deliberate indifference" to his "health or safety." Farmer v. Brennan, 511 U.S. 825, 834, 114 S. Ct. 1970, 128 L. Ed. 2d 811 (1994); see also Beers-Capitol v. Whetzel, 256 F.3d 120, 125 (3d Cir. 2001); Hamilton v. Leavy, 117 F.3d 742, 746 (3d Cir. 1997).